# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELISSA GAMMEL and BRAD GAMMEL,<br><br>Plaintiffs,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, a foreign corporation,<br><br>Defendant. | Case No: CIV-14-1385-HE<br><br>**JURY TRIAL DEMANDED**<br>**ATTORNEY LIEN CLAIMED** |

# COMPLAINT

COME NOW the Plaintiffs, and for their causes of action against the Defendant allege and state as follows:

1. Earlene Forsythe had $30,000 in life insurance coverage from UNUM Life Insurance Company of America that was in full force and effect at all times material hereto.

2. Ms. Forsythe's daughter, Melissa Gammel and her grandson, Brad Gammel, are the designated co-beneficiaries under this policy.

3. Melissa Gammel is a resident of Oklahoma County, State of Oklahoma. Brad Gammel is a resident of Alaska.

4. Defendant, UNUM Life Insurance Company of America is a foreign corporation incorporated and domiciled in the State of Maine. UNUM Life Insurance Company is authorized to transact business within the State of Oklahoma and may be served with process through its designated service agent, identified as John Doak, Oklahoma Insurance Commissioner, 5 Corporate Plaza, Suite 100, 3625 NW 56th Street, Oklahoma City, Oklahoma 73112.

5. The amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

6. This contract of life insurance was issued, delivered, and renewed in the State of Oklahoma

7. On November 13, 2012, Earlene Forsythe passed away.

8. Plaintiffs timely made a claim for policy benefits and have otherwise complied with all conditions precedent to receiving the policy benefits.

## **COUNT I - BAD FAITH**

9. Defendant breached the contract and the implied covenant of good faith and fair dealing in the insurance contract, and as a matter of routine business practice in the handling of similar claims, in the following respects:

   a. failing and refusing payment and other policy benefits on behalf of Plaintiffs at a time when Defendant knew that they was entitled to those benefits;

   b. failing to properly investigate Plaintiffs' claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

   c. withholding payment of the benefits on behalf of Plaintiffs knowing that Plaintiffs' claims for those benefits were valid;

   d. refusing to honor Plaintiffs' claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

   e. refusing to honor Plaintiffs' claims in some instances by applying restrictions not contained in the policy;

   f. refusing to honor Plaintiffs' claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

   g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiffs' claims;

    h.      not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claims once liability had become reasonably clear;

    i.      forcing Plaintiffs, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

    j.      failing to properly evaluate any investigation that was performed;

    k.      refusing to consider the reasonable expectations of the insured;

    l.      failing and refusing to properly investigate and consider the insurance coverage promised to their insured;

    m.      intentionally miscalculating the applicable policy amount and the benefit and misrepresenting to their insured the manner in which the benefit was calculated;

    n.      failing to consider the amount of policy coverage that they know was represented and promised to their insured for life insurance coverage;

    o.      preventing recovery under the policy on the basis of application information that Defendant knows was not material to their acceptance of the risk in their issuance of coverage;

    p.      preventing recovery under the policy based upon application information without proper consideration of the nature of that information; and

    q.      inappropriately refusing life coverage on the basis of health conditions when they know the policy was sold with promises of portability,

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit derived to the Defendant, UNUM Life Insurance Company of America.

10.    As a direct result of the above described wrongful acts and omissions by UNUM, Plaintiffs have suffered loss of the coverage promised by UNUM, mental and emotional distress, costs to mitigate damages and other damages.

11.    Defendant's acts and omissions were willful and malicious or grossly reckless and wanton and Plaintiffs are entitled to recover punitive damages.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant, UNUM Life Insurance Company of America, for their damages, both compensatory damages and punitive

damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages in in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

## COUNT II – FALSE REPRESENTATIONS, CONCEALMENT AND DECEIT

Plaintiffs reallege all previous allegations and further allege and states:

12. The factual detail and particular who, what, when, and where, associated with this cause of action is set forth in this paragraph with as much specificity as is currently known to the Plaintiffs. On best information and belief, since at least October 1, 2010, and probably for years before then, UNUM has attached a benefit feature to group life insurance policies and intentionally refers to the benefit feature as "Portability". This feature was attached to the Comanche County Hospital group policy that UNUM provided for Ms. Forsythe at the time she retired from the hospital in late 2010 at the age of 65. UNUM's group insurance policy promised Comanche County Hospital and Ms. Forsythe under the benefit feature entitled Portability that "You may elect portable coverage for yourself". Unum also represented under the bolded capitalized heading "**Portable Insurance Coverage and Amounts Available**" (emphasis in the original) that "[T]he portable insurance coverage will be the current coverage and amounts that you were insured for under your employers group plan". This provision and promise of coverage in the policy is consistent with the normal and reasonably expected meaning of portable life insurance coverage. In truth, this "benefit feature" is not designed to and did not for Ms. Forsythe provide her portable insurance coverage either 1) consistent with her current coverage or 2) in that same amount. In truth, this benefit feature is designed to [and did in Ms. Forsythe's case] 1) lower the amounts that you are insured for under your employer's group plan 2) misrepresent the amounts that you are insured for under the "portable insurance coverage" and 3) imposed new health restrictions and additional determinations for coverage not present in her

4

current coverage under her employers group plan.  On January 10, 201, in a letter from Susan Blossom, Human Resources Representative for Comanche County Memorial Hospital, Ms. Forsythe asked UNUM to forward portability forms stating that she was a former Comanche County Memorial Hospital employee and that she was under the impression that the forms would automatically be mailed to her once her employment ended.  UNUM failed to send Ms. Forsythe any forms or disclose any information in connection with the state mandated conversion coverage in her policy that would insure her life insurance coverage without regard to her health, in the same coverage amount.  Instead, UNUM provided a form which it entitles "Life Insurance Election of Portability Coverage".  This election form is, in truth, an election for UNUM's special "benefit feature" which did not provide portability coverage either in terms of continued life coverage without medical criteria or in terms of the amount of coverage.  UNUM's "Life Insurance Election of Portability Coverage" form was provided by UNUM to Ms. Forsythe and her daughter, Melissa Gammel on or around January 13, 2011 and these two ladies considered the misleading representations of this form.  This form represented that "you may be eligible to continue your life coverage".  In truth, you are entitled to continue your life coverage with the state mandated conversion rights already in your group policy.  UNUM's election form states that if you are not eligible to apply for portable coverage you may qualify for conversion coverage.  In truth, you are automatically eligible for the conversion coverage required by law and it is only this manufactured benefit feature that UNUM calls "portable coverage" that can be affected by any medical condition – contrary to the very essence of portable coverage.  UNUM's election form states that you can keep the same level of coverage or decrease coverage and that you will only be subject to medical evidence of insurability if you wish to increase coverage.  In truth, UNUM reduced their insurance coverage both in nature of the coverage (for portability)

and in the amount of the coverage immediately on Ms. Forsythe's election of their alternative product – on the basis of her medical insurability, even though she did not increase coverage. The election form discloses that UNUM might determine that Ms. Forsythe was not eligible due to a medical condition that had a material effect on life expectancy, but UNUM failed to disclose that they would never make such a determination in connection with accepting her premium, issuing her the insurance coverage, and continuing to take her continuing premiums. Instead, they would only make such a determination following her death as an excuse to, in effect, refuse her portability in her life coverage. The election form confirms her current group life amount of $50,000 which UNUM knew to be incorrect at that time and confirmed issuance for an amount of $30,000 that UNUM never intended to provide coverage for at that time. In truth, UNUM always knew that it would provide actual benefits only in 65% of that amount despite explicit numbers represented on the election form. UNUM never disclosed to Ms. Gammel that they never intended to provide any coverage under this alternative product in an amount that would exceed $19,500. UNUM, at all times relevant hereto, never disclosed to Ms. Forsythe that she was losing the portability of her life insurance by electing UNUM's special "portability coverage". UNUM never advised Ms. Forsythe that they had a special definition of sickness "for purposes of portability" that they would utilize to deny her life insurance coverage if she had any illness, disease or symptoms, which would cause a person to consult a health care provider. The policy does not define and no one disclosed to Ms. Forsythe the manner in which UNUM intended to interpret a material effect on life expectancy and how they would use any such defined "for purposes of portability" sickness to deny life insurance benefits regardless of whether the medical condition was life threatening. UNUM intentionally calculates the benefit in a manner it knows is less than what it represents. The coverage was represented to provide the

same current coverage in the same amount based on a certification to the best of the insured's knowledge that they did not have a condition material to their life expectancy. In truth, Defendant knew that they only accepted premiums on this basis. In truth, if there was actually a death, Defendant knew the person's medical history would be scrutinized on a much different basis that actually controls the life coverage provided. UNUM intentionally mischaracterized and misrepresented the very nature of their "portability" alternative product which was, in truth, specifically designed to undermine the portability of Ms. Forsythe's life insurance coverage. Plaintiffs will immediately supplement any factual details with specificity that the Plaintiffs can identify that are not set forth above.

      13. UNUM knew that Ms. Forsythe was entitled under her base group policy, as required by law, to the complete $30,000 requested of her life insurance coverage without regard to any health conditions under her conversion provisions. Instead, they intentionally misrepresented and mischaracterized an alternative "portability coverage" that, in truth, was not portable at all. They represented to Ms. Forsythe that her current group life amount was $50,000 when they knew there was only 65% of that amount at the time. They represented that they had approved her requested $30,000 in life insurance coverage when, in fact, they only entered the policy in their records at $19,500. This manipulation was never disclosed to Ms. Forsythe. UNUM accepted premiums, determined that Ms. Forsythe was eligible, and promised her the $30,000 in life coverage based solely upon the underwriting criteria of Ms. Forsythe's representation to the best of her knowledge that she did not have a medical condition which had a material effect on life expectancy. At the time they promised this coverage in January of 2011, UNUM knew that they would evaluate and provide actual life insurance coverage on a very different basis based upon an extensive examination of her medical records and a determination

of whether she had any significant "sickness" at all. The information criteria that was material in the issuance of the coverage was not considered at all in the determination of denying benefits. Defendant failed to honestly disclose the true nature of their alternative product and how it truly affected her life coverage.

14. The described representations were material and false and made at a time when Defendant knew they were false, or made as a positive assertion recklessly, without any knowledge of the truth.

15. The described representations were made with the intention that Ms. Forsythe and her daughter, Melissa Gammel, should act upon them in purchasing and renewing this policy and Ms. Forsythe and her daughter, Melissa Gammel, did rely upon them to their detriment in the purchase and renewal payments on these life policies.

16. The described representations were words or conduct which created an untrue or misleading impression of the actual past or present facts in the mind of Ms. Forsythe and her daughter, Melissa Gammel.

17. The described omissions and non-disclosure involved concealing and failing to disclose facts which Defendant had a duty to disclose. Such facts were material and were concealed or failed to be disclosed with intent of creating a false impression of the actual facts in the mind of Ms. Forsythe and her daughter, Melissa Gammel.

18. Defendant concealed or failed to disclose these facts with the intention that they be acted upon by Ms. Forsythe and her daughter, Melissa Gammel and Ms. Forsythe and her daughter, Melissa Gammel, did act in reliance upon it to their detriment.

19. The described false representations, concealment and deceit induced Ms. Forsythe and her daughter, Melissa Gammel, to purchase these insurance policies and Ms. Forsythe and her daughter, Melissa Gammel, acting in reliance thereon, suffered injury.

20. As a direct result of the described false representations, concealment, and deceit, Plaintiffs suffered loss of the policy coverage promised, emotional distress, frustration and duress and other consequential damages.

21. Defendant's acts and omissions in this cause of action were with reckless disregard for the rights of others and/or were done intentionally and with malice and therefore Plaintiffs are entitled to recover punitive damages.

22. Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant, UNUM Life Insurance Company of America, for their damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages in in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

                                        **MANSELL ENGEL & COLE**

                          By: s/Mark A. Engel
                              Steven S. Mansell, OBA #10584
                              Mark A. Engel, OBA #10796
                              Kenneth G. Cole, OBA #11792
                              101 Park Avenue, Suite 665
**JURY TRIAL DEMANDED**        Oklahoma City, Oklahoma   73102
**ATTORNEY LIEN CLAIMED**      T: (405) 232-4100   F: (405) 232-4140
                              Email:  mansell-engel@coxinet.net

                              **ATTORNEYS FOR PLAINTIFFS**